James G. COLE, Plaintiff–Appellee,

v.

Dr. Richard B. SWINT, Defendant–Appellant.

No. 91–4779
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 27, 1992.

Bryce J. Denny, Lawrence, McNally & Cooper, Tyler, Tex., for defendant-appellant.

Steven M. Mason, Asst. U.S. Atty., Bob Wortham, U.S. Atty., for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Dr. Richard B. Swint appeals from the district court's judgment that he is liable under the Veterans Reemployment Rights Act, 38 U.S.C. § 2021 *et seq.*, for his termination of and failure to rehire James G. Cole. Finding no error, we affirm.

I.

Swint is a dermatologist practicing in Paris, Texas. Since 1973 he has also been a ranch operator. At the time of the events at issue here, Swint had two full-time ranch employees: Levi Rian and James Cole. Cole worked as a foreman and lived at the ranch. He was compensated at a rate of $600 a month plus housing.

Viewed in the light most favorable to the district court's verdict, the circumstances surrounding Cole's termination were as follows. In August 1986, Cole enlisted in the Army National Guard. His initial active duty training was scheduled for October. He learned, however, around August 6 or 7, that he was required to drill with his Guard Unit on the following weekend. On Friday, August 8, Cole asked Swint for Saturday off in order to participate in the drill. Swint stated that this could create a problem and terminated Cole's employment as of the end of the workday August 8.

When Cole returned from his drill on Monday, Swint began negotiating with Cole to resolve the issue of Cole's accrued surplus hours in light of his termination. Swint proffered a draft severance agreement which Cole did not sign. Swint denied at trial that he had terminated Cole on the 8th, but the district court found this testimony incredible because of a handwritten note by Swint indicating that Cole was informed of his termination on August 8.

Because he no longer had a job, Cole moved up the start of his basic training and successfully completed it. On the advice of the Department of Labor, Cole sent Swint a letter upon completion of his training requesting reinstatement. Swint wrote back indicating that Cole's job had already been filled. Cole remained unemployed from February 1987 through August 1987.

II.

The Act provides that an employee shall not be denied retention in employment or reemployment because of any obligation as a member of a reserve component of the armed forces. 38 U.S.C. § 2021(b)(3). The statute is to be liberally construed for the benefit of reservists and guardsmen. *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 100 S.Ct. 2100, 2104, 65 L.Ed.2d 53 (1980). The district court found that Cole had proven that he was terminated from his employment on Swint's ranch because of his service in the military reserves. The court awarded Cole $4800 plus interest and required Swint to pay costs.

Swint argues first on appeal that the district court clearly erred in rejecting his assertion that Cole had voluntarily resigned his position at the ranch. He claims that Cole told him that "he was joining the Army" and that Swint believed that to mean he had decided to pursue another career. The district court disbelieved Swint's testimony about his conversation with Cole concerning his need to go on a weekend drill. Cole testified that he told Swint accurately that he had joined the Army National Guard and he needed Saturday off for his drill. There is nothing in this record to indicate that the district

court clearly erred in concluding that Swint fired Cole for his absence from work that weekend.

 Second, Swint argues that he had no duty to reemploy Cole because it would be unreasonable and impossible to do so. An employer may be excused from the duty to rehire where "the employer's circumstances have so changed as to make it impossible or unreasonable" to rehire the reservist. 38 U.S.C. § 2021(a)(1)(B). Swint argues that the fact that he had already hired someone else to take Cole's place living on the ranch was a change in circumstance exempted under the Act. This argument is obviously without merit. The purpose of the exemption is to allow employers who have eliminated a reservist's position or otherwise drastically changed their business to avoid rehiring someone for a job that no longer exists. If mere replacement of the employee would exempt an employer from the Act, its protections would be meaningless.

 Third, Swint argues that the Act does not apply to small or "casual" employers. The Act does not have a threshold business size for coverage, unlike many other acts which incorporate such limiting provisions such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Swint offers no support for this argument other than those already asserted in his argument about the impossibility of reemploying Cole. We see no need to imply a restriction on the Act's coverage based upon business size.

 Fourth, Swint argues that the district court clearly erred in finding that Cole requested a reasonable leave of absence. This argument is contrary to the weight of the evidence, which demonstrated that Cole asked Swint if he could have Saturday off for his drill. Swint also argues that there is a reasonableness requirement for the time of the requested leave itself. The Supreme Court has recently rejected the implication of a reasonableness requirement. *King v. St. Vincent's Hospital,* — U.S. ——, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (overruling *Lee v. City of Pensacola,* 634 F.2d 886 (5th Cir.1981)). Accordingly,

an argument based upon the reasonableness of the leave requested must fail.

 Finally, Swint argues that Cole held a temporary position and therefore was not entitled to reemployment rights. This argument is patently frivolous. Cole had a written employment contract, was paid a salary per month for full-time employment, and lived on Swint's ranch. Moreover, as soon as Cole was terminated, Swint hired a replacement. These facts are flatly inconsistent with Swint's assertion that this was a temporary and transient need which was filled with casual employment.

Having found no error in the judgment of the district court, we affirm.